IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:12-CR-49 |
| TIMOTHY MICHAEL DIGRISTINE, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 2, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Todd Blessing.

Timothy Michael Joseph Digristine was sentenced on April 12, 2013, before The Honorable U.S. District Judge Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Carrying or Possessing a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Crime, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline range is the statutory minimum sentence which is 60 months. He was subsequently sentenced to 60 months imprisonment followed by a 5 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; credit restrictions; gambling prohibition; substance abuse testing and treatment; mental health treatment; $1,000 fine; and a $100 special assessment. On June 29, 2017, he completed his period of imprisonment and began service of the supervision term. On March 14,

2019, the conditions of supervision were modified to include alcohol abstinence and participation in a home detention program with electronic monitoring for 120 days.

On July 18, 2019, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 61, Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2), (3) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) [The defendant] must not use or possess alcohol, and (5) [The defendant is] to be placed on home detention for a period of 120 days to commence immediately. During this time, you must remain at your place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. You must maintain a telephone at your place of residence without call forwarding, a modem, caller I.D., call waiting or portable cordless telephones for the above period. At the direction of the probation officer, you must wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. You are to pay the cost associated with the electronic monitoring program.

The Petition alleges that Defendant committed the following acts: (1), (2) On February 16, 2019, Mr. DiGristine was arrested by the Texas Department of Public Safety in Dallas, Texas for the offense of Driving While Intoxicated. The case remains pending under Docket No. M1949181. During an office visit on March 8, 2019, Mr. DiGristine verbally admitted to consuming alcohol and driving. An offense report was requested but has not been received. On July 3, 2019, Mr. DiGristine was arrested by the North Richland Hills, Texas Police Department for the offense of Driving While Intoxicated. According to the offense report, a police officer was dispatched to a

minor accident. The complainant advised officers it was a single vehicle that struck the concrete barrier. While en-route, the officer located the vehicle and found the vehicle was identical to a suspect vehicle in a hit and run call that had just occurred. Contact was made with the offender and it was observed his speech was slow and thick-tongued and his eyes were red and glassy. No alcohol odor was detected, but it was believed he was under the influence of some intoxicant such as a central nervous system depressant. The offender told officers he left his friend's house in Lake Worth and was heading to Denton. He denied hitting any other cars and told the officer he had been run off the road when he was merging onto the highway. He denied drinking anything or taking any pills. He later admitted to the officer he took Xanax, but he denied drinking. However, during an office visit on July 8, 2019, the offender admitted verbally to consuming alcohol on this date; (3) Mr. DiGristine consumed alcohol in excess as evidenced by his arrests on February 16, 2019 and July 3, 2019 for Driving While Intoxicated; (4) On March 14, 2019, the offender's conditions of supervision were modified to include alcohol abstinence. Mr. DiGristine has consumed alcohol as evidenced by the recent DWI arrest on July 3, 2019, and by his admission to the probation officer that he consumed alcohol on July 3, 2019; and (5) On March 14, 2019, the offender's conditions of supervision were modified to include home detention with electronic monitoring for a period of 120 days. Mr. DiGristine deviated from his approved schedule on July 3, 2019. He did not have permission to be in Tarrant County or to visit a friend in Lake Worth, Texas, as he advised the police officer during the arrest. During an office visit on July 8, 2019, Mr. DiGristine admitted verbally and in writing to not abiding by the home detention schedule.

      Prior to the Government putting on its case, Defendant entered a plea of true to allegation 4 of the Petition. The Government dismissed the remaining allegations. Having considered the

Petition and the plea of true to allegation 4, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight months, with a term of supervised release of forty months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for the purpose of monitoring your sources of income; (2) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (3) You must not use or possess alcohol; and (4) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Texarkana, if appropriate.

**SIGNED this 20th day of August, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE